PER CURIAM.
This is a timely appeal from the trial court’s order revoking appellant’s probation and sentencing him to five and one-half years’ incarceration. Appellant’s two appeals, taken from separate sets of convictions and concurrent sentences, have been consolidated for consideration and disposition.
Appellant’s main points are directed to the violation of probation hearing held on May 81, 1988, at which the trial court denied appellant’s request for continuance or bifurcation of the proceedings. Appellant contends he requested the aforementioned relief because he had witnesses under subpoena who failed to appear for the hearing. The subject matter of these witnesses’ testimony would have been limited to paragraph II of the petition, alleging violation of probation by committing the new offense of stealing a Jeep. At the conclusion of the presentation of both sides’ evidence, the trial judge stated that he would assume appellant not guilty of stealing the Jeep and not consider that as a ground for violation of probation. However, he found appellant guilty as to the other three grounds for violations of probation alleged in the petition. The trial judge revoked appellant’s probation and sentenced him accordingly. We therefore affirm the conviction and sentence.
However, we note that the trial court’s written order of revocation of probation, dated August 5, 1988, inadvertently contained paragraph II, the alleged theft of the Jeep, as one of the grounds for having violated probation. This was apparently a clerical error on the part of the court, and the cause is remanded for the sole purpose of having the court enter a corrected order of revocation of probation, eliminating paragraph II. It is so ordered.
GLICKSTEIN, STONE and POLEN, JJ., concur.